# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CINDERELLA ROBINSON, TROY ROBINSON** and **PRINCE ROBINSON**, Individually, | ) ) ) ) ) | Case No. 08 CV 6956 |
| Plaintiffs, | ) ) | FIRST AMENDED COMPLAINT FOR VIOLATION |
| vs. | ) ) | OF CIVIL RIGHTS |
| **City of Chicago**, Chicago Police Officers Boyd, Star No. 16303, Sgt. John McGee, Star No. 1254, Matthew Conway, Star No. 14005, Joel Rodriguez, Star No. 9368, Vidal Vasquez, Star No. 2664, Thomas Hamilton, Star No. 13071, Adam Burns, Star No. 13450, James Dillon Star No. 17331, John Francis, Star No. 205, Bove, Star No. 8230, Lamb, Star No. 1925, Dunn, Star No. 14941, Cuomo, Star No. 8803, Kapanke, Star No. 17386, Blake, Star No. 18857, Bowers, Star No. 13575, Adair, Star No. 4145, Kaczynski, Star No. 18675, Shan, Star No. 18373, Razo, Star No. 15893, Doyle, Star No. 5272, Gallegos, Star No. 14887, Omachi Star No. 10829, Warnke, Star No. 9138, Quinn, Star No. 18828, Bartlott, Star No. 17470, Callaghan, Star No. 18423, Cano, Star No. 13648, Barango, Star No. 15937, Olmanaz, Star No. 17998, R. Farenzl, Star No. 18037, Leyden, Star No. 16149, Sanchez, Star No. 18244, Gaber, Star No. 18412, Mroma, Star No. 1729, Marinovich, Star No. 2448 Timothy J. Hayes, Sr. Star No. 7308, Luis Saldana, Star No. 10315, Andrew Thomas, Star No. 11701, Andrew Russell, Star No 12623, Leo Augle, Star No. 12848, Felix Tomalis, Star No. 8484, Hermogne Del Toro, Star No. 8853, Mark Darcy, Star No. 4499, William Gentile, Star No. 1399, Jairo Valeriano, Star No. 10649, John Sego, Star No. 16424, William Gentile, Star No. 1399, and D. Hartz, Star No. 11757, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGE DARRAH** |
| Defendants. | ) ) ) | JURY DEMANDED |

Plaintiffs allege:

1

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3.     At all times herein mentioned, Plaintiff, CINDERELLA ROBINSON, was and is now a citizen of the United States.

4.     At all times herein mentioned, Plaintiff, TROY ROBINSON, was and is now a citizen of the United States.

5.     At all times herein mentioned, Plaintiff, PRINCE ROBINSON, was and is now a citizen of the United States.

6.     At all times herein mentioned Chicago police officer Sgt. John McGee, Star No. 1254 ("McGee") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

7.     At all times herein mentioned Chicago police officer Matthew Conway, Star No. 14005 ("CONWAY") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

2

8.  At all times herein mentioned Chicago police officer Joel Rodriguez, Star No. 9368 ("RODRIGUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9.  At all times herein mentioned Chicago police officer Vidal Vasquez, Star No. 2664 ("VASQUEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10.  At all times herein mentioned Chicago police officer Thomas Hamilton, Star No. 13071 ("HAMILTON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11.  At all times herein mentioned Chicago police officer Adam Burns, Star No. 13450 ("BURNS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

12.  At all times herein mentioned Chicago police officer James Dillon, Star No. 17331 ("DILLON") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

13.  At all times herein mentioned Chicago police officer John Francis, Star No. 205 ("FRANCIS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

14.     At all times herein mentioned Chicago police officer Boyd, Star No. 16303 ("BOYD") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

15.     At all times herein mentioned Chicago police officer Bove, Star No. 8230 ("BOVE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

16.     At all times herein mentioned Chicago police officer Lamb, Star No. 1925 ("LAMB") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

17.     At all times herein mentioned Chicago police officer Dunn, Star No. 14941 ("DUNN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

18.     At all times herein mentioned Chicago police officer Cuomo, Star No. 8803 ("Cuomo") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

19.     At all times herein mentioned Chicago police officer Kapanke, Star No. 17386 ("KAPANKE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

4

20.     At all times herein mentioned Chicago police officer Blake, Star No. 18857 ("BLAKE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

21.     At all times herein mentioned Chicago police officer Bowers, Star No. 13575 ("BOWERS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

22.     At all times herein mentioned Chicago police officer Adair, Star No. 4145 ("ADAIR") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

23.     At all times herein mentioned Chicago police officer Kaczynski, Star No. 18675 ("KACZYNSKI") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

24.     At all times herein mentioned Chicago police officer Shan, Star No. 18373 ("SHAN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

25.     At all times herein mentioned Chicago police officer Razo, Star No. 15893 ("RAZO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

26.    At all times herein mentioned Chicago police officer Doyle, Star No. 5272 ("DOYLE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

27.    At all times herein mentioned Chicago police officer Gallegos, Star No. 14887 ("GALLEGOS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

28.    At all times herein mentioned Chicago police officer Omachi, Star No. 10829 ("OMACHI") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

29.    At all times herein mentioned Chicago police officer Warnke, Star No. 9138 ("WARNKE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

30.    At all times herein mentioned Chicago police officer Quinn, Star No. 18828 ("QUINN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

31.    At all times herein mentioned Chicago police officer Bartlott, Star No. 17470 ("BARTLOTT") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

32.     At all times herein mentioned Chicago police officer Callaghan, Star No. 18423 ("CALLAGHAN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

33.     At all times herein mentioned Chicago police officer Cano, Star No. 13648 ("CANO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

34.     At all times herein mentioned Chicago police officer Barrango, Star No. 15937 ("BARRANGO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

35.     At all times herein mentioned Chicago police officer Olmanaz, Star No. 17998 ("OLMANAZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

36.     At all times herein mentioned Chicago police officer R. Farenzl, Star No. 18037 ("FARENZL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

37.     At all times herein mentioned Chicago police officer Leyden, Star No. 16149 ("LEYDEN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

38.     At all times herein mentioned Chicago police officer Sanchez, Star No. 18244 ("SANCHEZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

39.     At all times herein mentioned Chicago police officer Garber, Star No. 18412 ("GARBER") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

40.     At all times herein mentioned Chicago police officer Mroma, Star No. 1729 ("MROMA") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

41.     At all times herein mentioned Chicago police officer Marinovich, Star No. 2448 ("MARINOVICH") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

42.      At all times herein mentioned Chicago police officer Timothy J. Hayes Sr., Star No. 7308 ("HAYES") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

43.     At all times herein mentioned Chicago police officer Luis Saldana, Star No. 10315 ("SALDANA") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

44.     At all times herein mentioned Chicago police officer Andrew Thomas, Star No. 11701 ("THOMAS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

45.     At all times herein mentioned Chicago police officer Andrew Russell, Star No. 12623 ("RUSSELL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

46.     At all times herein mentioned Chicago police officer Leo Augle, Star No. 12848 ("AUGLE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

47.     At all times herein mentioned Chicago police officer Felix Tomalis, Star No. 8484 ("TOMALIS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

48.     At all times herein mentioned Chicago police officer Hermogene Del Toro, Star No. 8853 ("Del Torro") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

49.     At all times herein mentioned Chicago police officer Mark Darcy, Star No. 4499 ("DARCY") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

50.     At all times herein mentioned Chicago police officer William Gentile, Star No. 1399 ("GENTILE") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

51.     At all times herein mentioned Chicago police officer Jario Valeriano, Star No. 10649 ("VALERIANO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

52.     At all times herein mentioned Chicago police officer John Sego, Star No. 16424 ("SEGO") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

53.     At all times herein mentioned Chicago police officer D. Hartz, Star No. 11757 ("HARTZ") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

54.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## **FACTUAL ALLEGATIONS**

55.     On or about October 22, 2008, plaintiffs resided in their home located at 5659 South Shields, Chicago, Illinois.

56.     At that time and place defendants BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA, AND MARINOVICH forcibly entered and searched the plaintiffs' home located at 5659 South Shields, Chicago, IL.

57.     Neither BOYD nor MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH knocked and announced their office or indicated they had a search warrant prior to forcibly entering plaintiffs' home on October 22, 2008.

58.     There was no legal cause to search the plaintiffs' home on October 22, 2008.

59.      BOYD MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH caused property

damage while searching the plaintiffs' home on October 22, 2008. The property damage included but was not limited to broken furniture, holes in ceilings and walls, the use of an incendiary device that caused smoke/fire damage to a wall and floor, damage to interior doors, and a hole in the exterior/entrance door of plaintiffs' home.

60.     BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH, did not encounter any circumstances during the execution of the search warrant that required them to cause any property damage to plaintiffs' home. For example, if defendants had knocked and announced their office before making forcible entry it would have been unnecessary for defendants to use force to enter plaintiffs' home.

61.     None of the plaintiffs consented to their home being searched on October 22, 2008.

62.     During the course of the search on October 22, 2008 BOYD MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH pointed guns at plaintiffs.

63.     During the course of the search on October 22, 2008 the plaintiffs were forced into physical restraints and were made to remain in these restraints for a lengthy period of time.

12

64.     As of November 21, 2008, plaintiffs continued to reside in their home located at 5659 South Shields, Chicago, Illinois.

65.     At that time and place defendants HAYES, SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, and HARTZ forcibly entered and searched the plaintiffs' home located at 5659 South Shields, Chicago, IL.

66.     HAYES, SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, HARTZ did not knock and announced their office or indicate they had a search warrant prior to forcibly entering plaintiffs' home on November 21, 2008.

67.     There was no legal cause to enter and search the plaintiffs' home on November 21, 2008.

68.     HAYES SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, and HARTZ caused additional property damage while searching plaintiffs' home on November 21, 2008 although they did not encounter any circumstances during the execution of the search warrant that required them to cause any property damage to plaintiffs' home

69.     None of the plaintiffs consented to their home being searched on November 21, 2008.

70.     By reason of the above-described acts and omissions of defendants, plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

71.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiffs' rights

13

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

72.     By reason of the above-described acts and omissions of the defendants, and each of them, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**All Plaintiffs against Defendant BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ,**
**HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO,**
**KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE,**
**GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO,**
**BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND**
**MARINOVICH for**
**Unreasonable Search and Seizure**

73.  Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

74.  By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

75.     The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' apartments was in violation of plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the plaintiffs' rights in the following manner on October 22, 2008: (1) The forcible entry and search of plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; (3) Causing excessive and unnecessary property damage

14

to the plaintiffs' home and personal property contained therein; and (4) Placing all of the plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT II**
**All Plaintiffs against Defendant HAYES SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, and HARTZ for Unreasonable Search**

76. Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

77. By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

78. The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' apartments was in violation of plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the plaintiffs' rights in the following manner on November 21, 2008: (1) The forcible entry and search of plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; (3) Causing excessive and unnecessary property damage to the plaintiffs' home and personal property contained therein. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiffs against Defendant HAYES  for**
**Unreasonable Procurement of a Search Warrant**

79.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two

(72) hereat as though fully set forth at this place.

80.      Plaintiffs are informed and believe that defendant HAYES procured a search

warrant on or about November 21, 2008, identifying plaintiffs' home as the premises to be

searched and indicating that an individual named Michael Robinson resided in the plaintiffs'

home.

81. Procurement of the search warrant was unreasonable and unconstitutional for one or

more of the following reasons:

a.  Hayes relied upon a confidential informant who had not previously provided
reliable information in order to obtain the warrant;

b.  Hayes failed to independently verify information provided by the confidential
informant prior to obtaining the warrant;

c.  Hayes failed to advise the Assistant State's Attorney approving the warrant
application and the judge issuing the warrant of all available relevant
information related to plaintiffs' home, Rube (AKA Michael) Robinson, and
plaintiffs.

d.  Hayes failed to conduct a search of available databases for any information
connecting Michael Robinson to plaintiffs' home.

e.  Hayes failed to be truthful with the Assistant State's Attorney approving the
warrant application and the judge issuing the warrant regarding all
information provided by any alleged confidential information and
corroboration of that information or lack thereof;

16

      f.   Hayes failed to conduct a search of available databases for information related to the identity of the owner and occupants of the residence located at 5659 S. Shields, Chicago, Illinois.

      g.   Hayes failed to inform the Assistant State's Attorney and/or Judge approving the search warrant that a search of plaintiffs' residence for Rube (AKA Michael) Robinson had been conducted by members of the Chicago Police Department on October 22, 2008 with negative results.

82.   No reasonably well trained police officer in the position of HAYES would have applied for the search warrant obtained by HAYES and it was done intentionally or with reckless disregard to the rights of plaintiffs.

83.   As a result of HAYES' unreasonable procurement of the search warrant plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

84.   The procurement of the search warrant was in violation of plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution.  Therefore, HAYES, in his individual capacity is liable to plaintiffs pursuant to 42 U.S.C. § 1983

17

## COUNT IV

**Plaintiff CINDERELLA ROBINSON Against Defendants BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH for**
**EXCESSIVE FORCE**

85.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

86.     During and after the forcible entry of plaintiff's home on October 22, 2008 defendants used excessive force against plaintiff's person that included defendants pointing loaded guns at plaintiff for an extended period of time while she was inside her home.  Defendants did this although plaintiff was unarmed and had no reason to believe that plaintiff posed any potential danger to any of the defendants.

87.     There was no legal cause for defendants to use force against plaintiff.

88.     By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

89.     The physical force inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT V
**Plaintiff TROY ROBINSON Against Defendants BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH for**
**EXCESSIVE FORCE**

90.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

91.     During and after the forcible entry of plaintiff's home on October 22, 2008, defendants used excessive force against plaintiff's person that included defendants pointing loaded guns at plaintiff for an extended period of time while he was inside his home.  Defendants did this although plaintiff was unarmed and had no reason to believe that plaintiff posed any potential danger to any of the defendants.

92.     There was no legal cause for defendants to use force against plaintiff.

93.     By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

94.     The physical force inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VI

**Plaintiff PRINCE ROBINSON Against Defendants BOYD MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH for**
**EXCESSIVE FORCE**

95.     Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventy-two (72) hereat as though fully set forth at this place.

96.     During and after the forcible entry of plaintiff's home on October 22, 2008 defendants used excessive force against plaintiff's person that included defendants pointing loaded guns at plaintiff for an extended period of time while she was inside her home.  Defendants did this although plaintiff was unarmed and had no reason to believe that plaintiff posed any potential danger to any of the defendants.

97.     There was no legal cause for defendants to use force against plaintiff.

98.     By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

99.    The physical force inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VII

**Plaintiffs against BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH, and the CITY OF CHICAGO For The
State Supplemental Claim Of Trespass**

100.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventy-two (72) hereat as though fully alleged at this place.

101.    BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH  entered the plaintiffs' home without permission or authority on October 22, 2008.  By engaging in this act the defendants committed the tort of trespass.

102.    The City of Chicago is liable to plaintiff for the acts of BOYD and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

103.    As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

## COUNT VIII

**Plaintiffs against HAYES, SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, and HARTZ, and the CITY OF CHICAGO For The
State Supplemental Claim Of Trespass**

104.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventy-two

(72) hereat as though fully alleged at this place.

105.    HAYES, SALDANA, THOMAS, RUSSELL, AUGLE, TOMALIS, DELTORO, DARCY, GENTILE, VALERIANO, SEGO, and HARTZ  entered the plaintiffs' home without permission or authority on November 21, 2008.  By engaging in this act the defendants committed the tort of trespass.

106.    The City of Chicago is liable to plaintiff for the acts of BOYD and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

107.    As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

### COUNT IX

**All Plaintiffs against BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH and the
CITY OF CHICAGO For The
State Supplemental Claim Of Assault**

108.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventy-two (72) hereat as though fully alleged at this place.

109.    During the course of the search of plaintiffs' home on October 22, 2008 defendants BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH committed the Illinois tort of assault

when they intentionally and without legal cause pointed their guns at plaintiffs without justification, and thereby placed the plaintiffs in reasonable apprehension of receiving a battery.

110.    The City of Chicago is liable to plaintiff for the acts of BOYD, MCGEE, CONWAY, RODRIGUEZ, VASQUEZ, HAMILTON, BURNS, DILLON, FRANCIS, BOVE, LAMB, DUNN, CUOMO, KAPANKE, BLAKE, BOWERS, ADAIR, KACZYNSKI, SHAN, RAZO, DOYLE, GALLEGOS, OMACHI, WARNKE, QUINN, BARTLOTT, CALLAGHAN, CANO, BARANGO, OLMANAZ, FARENZL, LEYDEN, SANCHEZ, GABER, MROMA AND MARINOVICH pursuant to the doctrine of *respondeat superior*.

111.    As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of assault.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1.    That the Defendants be required to pay the Plaintiffs general damages including emotional distress, in a sum to be ascertained.

2.    That Defendants be required to pay Plaintiffs special damages.

3.    That Defendants, except the City of Chicago, be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained;

4.    That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5.    That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6.    That Plaintiffs have such other and further relief as the court may deem just and proper.

Submitted by,
S/Garrett Browne
Garrett Browne

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

<u>S/Garrett Browne</u>
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
Suite 330
300 West Adams
Chicago, Illinois  60606
(312) 345-8877
gbrowne@efox-law.com