**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CINDERELLA ROBINSON, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 08 C 6956** |
| | ) | |
| **v.** | ) | **JUDGE DARRAH** |
| | ) | |
| **CITY OF CHICAGO, et al.** | ) | **MAG. JUDGE COX** |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS' *AMENDED* MOTION TO DISMISS**

Defendants City of Chicago ("City") and.Chicago Police Officers Kenneth Adair, Charles

Barango, David Blake, Christopher Bove, Joshua Bowers,  Raymond Boyd, Adam Burns, Brian

Callaghan, Jesus Cano, Matthew Conway, Andrew Cuomo, James Dillon, Brian Doyle, James Dunn,

John Francis, Frank Gaber, Abel Gallegos, Thomas Hamilton,  Timothy Hayes, Sr., Michael

Kaczynski, Steven Kapanke, Thomas Lamb, Patrick Leyden, Mark Maranovich, John McGee, John

Hroma, Rodney Omachi, Patrick Quinn, Alfredo Razo, Joel Rodriguez, Orlando Sanchez, David

Shen, Joseph Warnke, Leo Augle, Mark Darcy, Hermogne Del Toro, William Gentile, Douglas

Hartz, Andrew Russell, Luis Saldana, John Sego, Andrew Thomas, Feliz Tomalis,  Jairo Valeriano,

Officers Bartlett, Star 17470 and Vidal Vasquez, Star 2664   by one of their attorneys, Caroline

Fronczak, Assistant Corporation Counsel, respectfully request that this Honorable Court, pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss plaintiffs' complaint, for failure

to state a claim.  In support of this motion, all defendants state as follows:

1

## STATEMENT OF THE CASE

On December 4, 2008, Plaintiff filed a nine count complaint against the City of Chicago and Chicago Police Officers Ray Boyd and Timothy Hayes and unknown officers. The defendants, City of Chicago, Boyd, and Hayes filed their answer on February 27, 2009. On June 2, 2009, Plaintiffs filed their first amended complaint adding forty-six defendants and removing unknown officers from the complaint. Plaintiffs have failed to properly give notice to the officers as their personal participation in the alleged constitutional violations. Plaintiffs' complaint fails to meet the new pleading standard outlined in Ashcroft v. Iqbal, et al, 556 U.S. _____ (2009) because their complaint is rife with conclusions that are not entitled to an assumption of truth. Defendants further seek to dismiss Counts I and II because Plaintiff has failed to properly plead enough facts to sufficiently allege an unreasonable search and seizure. Finally, Defendants are entitled to qualified immunity on Counts I, II, VII, and VIII because they relied on facially valid warrants.

## STANDARD OF REVIEW

"Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief'" Ashcroft v. Iqbal, et al, 556 U.S. _____ (2009) (decided May 18, 2009, see Sec. IV (A) of the Opinion of the Court). A pleading requires more than "labels and conclusions" or "formulaic recitation" of the elements of a cause of action. Id. citing Bell Atlantic Corp., v. Twombley, 550 U.S. 544 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. "…[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "[A] court considering a motion to dismiss can choose to

begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

### ARGUMENT

**I.      Plaintiffs' complaint should be dismissed because  the individual Defendants have not been given notice as to their personal involvement.**

Plaintiffs allege that Chicago Police Officers violated their constitutional rights on October 22, 2008 and November 21, 2008.  Plaintiffs' complaint should be dismissed because it does not provide each individual defendant with notice of what constitutional violation each defendant allegedly committed and only provides Defendants with generalized allegations against each plaintiff.  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Id., at Opinion of the Court III.

Plaintiffs' complaint names three plaintiffs and forty-eight individually named Chicago police officers.  From the complaint, it is impossible to delineate the degree and nature of the involvement of each named defendant police officer as to each individually named plaintiff. Plaintiffs do not sufficiently identify how each defendant police officer was personally responsible for or participated in any of the alleged constitutional deprivations as to each of the plaintiffs to give defendants sufficient notice in order to properly respond to plaintiffs' complaint.

The U.S. Supreme Court clearly stated in its recent Ashcroft decision that Federal Rule of Civil Procedure 8(a)(2) "calls for sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Ashcroft at Sec. IV (A) of Opinion of the Court.  A claim has facial plausibility when the pleaded factual content allows the court to draw the needed reasonable

inference that the defendant is liable for the misconduct.  Id. See also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); FRCP 8(a).  The Court does not have to accept as true "threadbare recitals of a cause of actions' elements, supported by mere conclusory statements." Id. The analysis must be context-specific where the Court draws "on its own experience and common sense." Id.  "While legal conclusions can provide a complaint's framework, they must be supported by factual allegations." Id.

The Supreme Court clearly states in its Ashcroft opinion that a complaint does not suffice if it 'tenders naked assertions' devoid of further 'factual enhancement'" Id.  It explains as follows:

> The plausibility standard is not akin to a "probability requirement," but it asks for more that a sheer 'possibility' that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the 'line between possibility and plausibility of entitlement to relief.'

In the case at hand, Plaintiffs have provided 'naked assertions' of unlawful search and seizure, excessive force, trespass, and assault against the officers which participated in an October 22, 2008 search warrant.  Then, Plaintiffs plead essentially the same unlawful search and trespass allegations against the officers who participated in the November 21, 2008 search warrant.  These allegations provide no factual basis for any of the individual officers as to the constitutional deprivations that each named defendant allegedly personally participated.  Plaintiffs have made general allegations against all the officers and therefore summarily "conclude", without further factual enhancement that all of the named defendant officers committed various constitutional and state law violations against the Plaintiffs.  The only distinction between the officers is based on whether Plaintiffs assert they were present on October 22, 2008 or November 21, 2008. .  This is

4

exactly the "possibility" versus "plausibility" threshold that the Supreme Court recognized. Plaintiffs make no factual allegations whatsoever that any of the individual defendants were personally involved in the alleged constitutional deprivations.

Plaintiff's threadbare complaint littered with conclusions regarding the alleged constitutional deprivations of the defendant officers against the plaintiffs cannot "unlock the doors of discovery [when the plaintiffs are] armed with nothing more than conclusions." Id. A responsive pleading to Plaintiffs' complaint is simply not possible without more than fanciful conclusory allegations based upon general allegations against the all defendants. Without more "factual enhancement" in regard to the plaintiffs and numerous defendants already named, Plaintiffs' complaint fails on its face to state any claims in regard to the defendants for which Plaintiffs would be entitled to relief.

**A.    Plaintiff's Inclusion of Forty-Eight Defendants is Without Merit.**

Plaintiffs' amended complaint named an additional 46 defendants to this civil case. This amendment was made after Plaintiffs' counsel was tendered initial discovery disclosures outlining all officers on scene during the execution of both search warrants and their specific roles in the execution of the search warrants. Their inclusion of, what is essentially, all of the police officers that participated is unreasonable. The Honorable Judge Zagel best describes this type of pleading, stating,   "[i]t presents what charitably might be described as the 'Bubba Smith' approach to litigation: a plaintiff grabs as many defendants as possible, and then throws them out one by one until he finds the one with the violation. While this approach may be effective on the gridiron, it has no place in the courts." Harden v. Peck, 686 F.Supp. 1254, 1263.

Plaintiffs cannot possibly expect to be able to prove that while thirty-six officers were unreasonably searching their home (with a valid search warrant) on October 22, 2008, that thirty-six

defendants, individually, then used excessive force and assaulted each plaintiff individually. Very simply, it cannot logically follow that each defendant individually committed the constitutional violations that each plaintiff has alleged. Likewise, Plaintiffs'inclusion of twelve defendants to make out a claim for unlawful search and trespass for the November 21, 2008 search warrant is excessive and unnecessary.

**II.     Counts I and II Should Be Dismissed Because Plaintiffs Fail to Properly Plead Unlawful Search and Seizure**.

Plaintiff "has the burden of pleading the elements for an unreasonable search and seizure..." Turner v. Fallen, 1992 WL 332312 *3 (N.D.Ill.). "Mere conclusory statements or boilerplate language are not sufficient to state a claim pursuant to 42 U.S.C. §1983." Id. Plaintiffs base their allegations of unlawful search on claims that the police executing the search warrants on October 22, 2008 and November 21, 2008 damaged parts of the residence at 5659 S. Shields, Chicago, Illinois. However, the claims are inadequate to properly plead the elements for unlawful search and seizure. Regarding the October 22, 2008 search warrant, Plaintiffs argue in the complaint that "if defendants had knocked and announced their office before making forcible entry it would have been unnecessary for defendants to use force to enter plaintiffs' home." See Plaintiffs' First Amended Complaint, ¶ 60. However, the U.S. Supreme Court makes clear in Katz v. United States, 389 U.S. 347, 355 n.16 (1967) that "officers need not announce their purpose before conducting an otherwise [duly] authorized search if such an announcement would provoke the escape of the suspect or other destruction of critical evidence."

Further, the U.S. Supreme Court also makes clear in <u>Dalia v. United States</u>, 441 U.S. 238, 257 (1979) that courts give police officers broad discretion when determining how best to execute a search warrant. Not only that, but the Supreme Court recognized in <u>Dalia</u>, that "officers executing search warrants on occasion must damage property in order to perform their duty." <u>Dalia v. United States</u>, 441 U.S. 238, 258 (1979). Without more that a conclusory statement from Plaintiffs that "[Defendants} did not encounter any circumstances during the execution of the search warrant that required them to cause any property damage to plaintiffs' home" <u>See</u> Plaintiffs' First Amended Complaint, ¶¶60, 68, Plaintiffs have not alleged enough facts in order to properly plead unreasonable search and seizure.

**III.     Defendants are Entitled to Qualified Immunity for Counts I, II, VII, and VIII.**

A plaintiff may plead himself out of court by alleging facts sufficient to establish an affirmative defense. <u>See</u> Walker v. Thompson, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal appropriate when a valid affirmative defense is apparent on the face of the complaint). Even if Plaintiffs have properly plead a cause of action for unlawful search and seizure, Defendants are still entitled to qualified immunity. Defendant officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that the Defendant officers possessed.

Specifically, On October 22, 2008 Plaintiffs allege property damage "included but not limited to broken furniture, holes in ceilings and walls, the use of an incendiary device that caused smoke/fire damage to a wall and floor, damage to interior doors, and a hole in the exterior/entrance door of plaintiffs' home." See Plaintiff's First Amended Complaint, ¶59. However, the police officers, on October 22, 2008, were executing a valid warrant. Plaintiffs have made no allegation in their complaint that challenges the validity of the October 22, 2008 warrant. "As a general rule, police acting under color of a facially valid warrant are immune from damages for violation of civil rights." King v. Avila, 760 F. Supp. 681, 685.

Similarly, the police officers executing the November 21, 2008 search warrant are also immune from suit. Even though Plaintiffs do allege that the "[p]rocurement of the search warrant was unreasonable and unconstitutional" see Plaintiff's First Amended Complaint, ¶81, they only attribute this constitutional violation to one police officer, Officer Hayes. The remainder of the officers executing the November 21, 2008 search warrant are entitled to qualified immunity. Plaintiffs make no allegation in their complaint that Defendants Augle, Darcy, DelToro, Gentile, Hartz, Russell, Saldana, Sego, Thomas, Tomalis, Valeriano were aware that the procurement of the search warrant was unreasonable.

Based on the facially valid warrants, the Supreme Court's recognition that police officers will sometimes damage property while executing a search warrant, and the broad discretion given to police officers to determine how best to execute search warrants, Plaintiffs' complaint fails to show any sensible measure of unreasonableness on the part of the defendant officers. Plaintiff can only allege that if defendants had only knocked, no damage would have been necessary. However, police officers, when executing search warrants, do not have the benefit of

hindsight or the knowledge that the plaintiffs will happily allow the officers inside their home and assist their search for contraband. Defendants cannot be held liable for unlawful search or trespass if they relied on a search warrant in order to enter into Plaintiffs' home and are therefore entitled to qualified immunity.

**CONCLUSION**

Plaintiffs' complaint must be dismissed because it fails to provide individual Defendants with proper notice of their alleged participation in constitutional deprivations. Plaintiffs' complaint fails to properly state a claim that is plausible on its face that each individual defendant would be liable to each Plaintiff for alleged constitutional misconduct. Plaintiffs fail to properly plead that the officers were unreasonable in the search and seizure on October 22, 2008 and November 21, 2008 because Plaintiffs fail to plead how any actions of the defendants on those dates were unreasonable. Finally, Defendants are entitled to qualified immunity because they were executing valid search warrants on the dates in question.

Respectfully Submitted,

/s/ Caroline Fronczak
By:    Caroline Fronczak
        Assistant Corporation Counsel

30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
312-744-5126
Atty No. 06284817