## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **CINDERELLA ROBINSON, TROY ROBINSON** and **PRINCE ROBINSON**, individually, | )<br>)<br>) Case No. 08 CV 6956 |
| Plaintiffs, | )<br>) JUDGE DARRAH |
| vs. | ) Magistrate Judge Kim<br>) |
| **City of Chicago**, et al. | )<br>) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Defendants, City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Chicago Police Officers ("Officers"), by their attorney, Andrea E. Cook, Assistant Corporation Counsel of the City of Chicago (collectively "Defendants"), moves this Honorable Court pursuant to Fed. R. Civ. P. 56(b) for judgment in their favor on Counts I, II, III, IV, V, VI, and VII of Plaintiffs' Second Amended Complaint.

## INTRODUCTION

Plaintiff alleges a combination of seven federal and state claims: **(1)** Count I is titled "All Plaintiffs against Defendant Boyd, McGee, Conway, Rodriguez, Vasquez, Hamilton, Burns, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen, Razo, Doyle, Gallegos, Omachi, Farenzi, Leyden, Sanchez, Gaber, Hroma and Marinovich for Unreasonable Search and Seizure (October 22, 2008 Officers)," **(2)** Count II is titled " All Plaintiffs against Defendant Hayes, Saldana, Thomas, Russell, Augle, Tomalis, Del Toro, Dacry, Gentile, Valeriano, Sego and Hartz for Unreasonable Search;" **(3)** Count III is titled "Plaintiffs against Defendant Hayes for Unreasonable Procurement of a Search Warrant"**(4)** Count IV is

titled "Plaintiff Cinderella Robinson against Defendants Boyd, McGhee, Conway, Rodriguez, Vasquez, Hamilton, Burns, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen, Razo, Doyle, Gallegos, Omachi, Warnke, Quinn, Bartlett, Callaghan, Cano, Barango, Olmanaz, Farenzi, Leyden, Sanchez, Gaber, Hroma and Marionvich for Excessive Force;" **(5)** Count V is titled "Plaintiff Troy Robinson against Defendants Boyd, McGhee, Conway, Rodriguez, Vasquez, Hamilton, Burns, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen, Razo, Doyle, Gallegos, Omachi, Warnke, Quinn, Bartlett, Callaghan, Cano, Barango, Olmanaz, Farenzi, Leyden, Sanchez, Gaber, Hroma and Marionvich for Excessive Force," **(6)** Count VI is titled, "Plaintiff Prince Robinson against Defendants Boyd, McGhee, Conway, Rodriguez, Vasquez, Hamilton, Burns, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen, Razo, Doyle, Gallegos, Omachi, Warnke, Quinn, Bartlett, Callaghan, Cano, Barango, Olmanaz, Farenzi, Leyden, Sanchez, Gaber, Hroma and Marionvich for Excessive Force," and **(7)** Count VII is titled, "All Plaintiffs against Boyd, McGhee, Conway, Rodriguez, Vasquez, Hamilton, Burn, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen, Razo, Doyle, Gallegos, Omachi, Warnke, Quinn, Bartlett, Callaghan, Cano, Barango, Olmanaz, Farenzi, Leyden, Sanchez, Gaber, Hroma, and Marionovich and the City of Chicago for the State Supplemental Claim of Assault."[1]

---

[1] On May 20, 2010, Officer Jairo Valeriano, Lieutenant John Francis, Officer John Sego, Officer John McGee, Officer John Hroma, Officer Orlando Sanchez, Officer Kenneth Adair, Officer Chris Bove, Officer Joshua Bowers, Officer James Dillon, Officer James Dunn, Officer Michael Kaczynski, Officer Frank Gaber were voluntarily dismissed with prejudice from this action. **See Docket # 71**

**STATEMENT OF FACTS**

Defendants incorporate their Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, which is submitted with Defendants' Joint Motion for Summary Judgment and this supporting Memorandum.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 243, 249 (1986). There can be no genuine issue of material fact when the moving party fails to prove an essential element of her case on which she has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. Jenkins v. Keating, 147 F.3d 577, 583 (7th Cir. 1998). However, the court is not required to draw every conceivable inference from the record; the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257. Here, Plaintiff fails to raise a genuine issue of material fact as to Counts I, II, III, IV, V, VI, and VII. Thus, the City and Defendant Officers are entitled to summary judgment in their favor as a matter of law.

**ARGUMENT**

**I. THERE WAS PROBABLE CAUSE FOR THE OCTOBER 22, 2008 SEARCH WARRANT. (Responding to Count I of Plaintiffs' Second Amended Complaint.)**

Count I of Plaintiffs' Second Amended Complaint alleges that Plaintiffs' Fourth and Fourteenth Amendment Rights were violated on October 22, 2008 when the Officers executed a search warrant at 5659 South Shields Avenue in Chicago, Illinois. The Officers are entitled to

summary judgment on Plaintiff's unlawful search and seizure claim because there was probable cause for the search warrant and therefore the search warrant was valid.

The warrant clause of the Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized..." U.S. CONST. Amend. IV. In order to satisfy the probable cause requirement, the magistrate need only make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 214, 238 (1983). Furthermore, because the Fourth Amendment strongly encourages searches conducted pursuant to a warrant, the United States Supreme Court does not favor after-the-fact scrutiny of the sufficiency of a warrant affidavit: "[i]f the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches, with the hope of relying on consent or some other exception to the warrant clause that might develop at the time of the search." Id. Accordingly, reviewing courts are to pay great deference to a magistrate's determination of probable cause. Id. at 236. Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that evidence of a crime will be found. See Ortiz v. City of Chicago, et al, 686 F. Supp.2d 782 (N.D. Ill 2010) (quoting Saurez v. Town of Ogden Dunes, 581 F.3d 591, 595 (7th Cir. 2009)(ellipsis and internal quotation marks omitted)). In making probable cause determinations, law enforcement agents are entitled to draw reasonable inferences from the facts before them, based on their training and experience. Id. at 595-96. Probable cause

is only a probability or substantial chance of criminal activity, not a certainty that a crime is committed. Id. at 596. Here, the Officers had probable case to execute a search warrant at 5956 South Shields.

In the case at bar, Officers Boyd and Burns took all of the appropriate steps to secure the search warrant executed at 5659 South Shields on October 22, 2008. First, Officer Boyd received information from John Doe who stated that an offender had an AK-47 and a handgun and was selling crack cocaine and heroin from a residence located at 5659 South Shields Ave., Chicago, IL. Def. 56.1(a)(3) ¶ 6. Then, Officers Boyd and Burns gained knowledge that John Doe had previously provided Sergeant John McGhee (also a defendant here) with information which then resulted in a positive search warrant. Def. 56.1(a)(3) ¶ 7. To further verify the John Doe's assertions, Officers Boyd and Burns conducted surveillance at the location provided by the John Doe and observed a lot of pedestrian traffic coming in and out of the residence. Def. 56.1(a)(3) ¶ 8. Officers Boyd and Burns drove past the residence with John Doe and John Doe positively identified the residence, as being the location where he observed the AK-47, crack cocaine and heroin. Def. 56.1(a)(3) ¶ 9. Officer Burns testified that based on his experience as a police officer, the pedestrian traffic coming in and out of the residence, indicated to him that those individuals were drug users or "crackheads". Def. 56.1(a)(3) ¶ 10. Additionally, John Doe identified Rube Robinson as the offender from the mug shot that was shown to him. Def. 56.1(a)(3) ¶ 11.

Here, the use of a John Doe supports a finding that probable cause existed. Officer Boyd used the information provided by a John Doe to obtain a search warrant for Plaintiffs' home. The Seventh Circuit's decision in United States v. Lloyd, 71 F.3d 1256 (7th Cir. 1995), is controlling.

In affirming the denial of a motion to quash a warrant that was based on information from a confidential informant ("CI"), the <u>Lloyd</u> Court noted that:

> First-hand observations support a finding of reliability . . . even if we entertain some doubt as to an informant's motives, his explicit and detailed description of the alleged wrongdoing, along with a statement that the event was observed firsthand, entitle his tip to greater weight than might otherwise be the case. <u>Id</u>. at 1263.

The <u>Lloyd</u> Court then affirmed the denial of the motion to quash the warrant, noting the following factors supported a finding of probable cause: (1) the CI was a fellow gang member of the defendant and had first hand knowledge of <u>Lloyd's</u> possession of the handguns; 2) the CI gave the detective a detailed description of the building, the location of the apartment and the weapons in the building; 3) the detective independently verified that the CI's description of the building was accurate. <u>Id</u>. The Court further recognized that the CI appeared before the issuing Judge and was available to answer under oath any questions put to him by the Judge regarding the truth of the information contained in the affidavit.

The very same factors are present here in respect to both the October 22nd and November 21st search warrants: 1) both John Does relayed to both Officers Boyd and Hayes first hand information of Michael aka Rube Robinson's possession of an AK-47, handgun and narcotics 2) both John Does described the residence and the location in the bedroom where both John Does observed the guns and narcotics; 3) Officers Boyd, Burns and Hayes personally went to the location with the John Does to verify the address and 4) in both instances, John Doe went before the judge and signed the warrant under penalty of perjury. Def. 56.1(a)(3) ¶ 6, 9, 14, 30-33, 38, 41-42. Additionally, and not present in <u>Lloyd</u>, Officers Boyd, Burns and Hayes verified through the I-CLEAR system that Robinson had told the police that he resided at 5659 South Shields in

almost every arrest, further connecting Michael aka Rube Robinson to the 5659 South Shields. Def. 56.1(a)(3) ¶12; . Thus, there was probable cause for each search warrant.

**A. The Officers Were Entitled to Make Forced Entry While Executing The Search Warrant.**

Plaintiffs allege that the Officers should be held liable under Section 1983 for using force in executing the search warrant on October 22, 2008.[2] However, police officers are entitled to use forced entry during the execution of a search warrant if deemed necessary. Here, these Officers cannot be held liable for the damage to the door, for, it is well established that officers may break and enter if such entry is the only means by which to execute the warrant effectively. Dalia v. United States, 441 U.S. 238, 247 (1979). On October 22, 2008, forced entry was more than necessary, given the facts provided by the John Doe, that Rube Robinson, a convicted and violent felon, was selling drugs and in possession of an AK-47 and a handgun in the targeted residence.

**B. There Is No Evidence In the Record That the Officers Failed to Knock and Announce.**

Furthermore, the October 22nd Officers are entitled to summary judgment because there is no evidence in the record that these Officers failed to knock and announce before entering the Plaintiffs' home. It is well established that it is standard procedure for police officers to knock and announce their office in the execution of a search warrant. According to the SWAT team's supplemental report, this is precisely what happened. Def. 56.1(a)(3) ¶ 16. Plaintiffs cannot deny or verify that these Officers knocked and announce their office because each Plaintiff was asleep

---

[2] Since both search warrants here at issue here concern John Does, the Officers include this argument for both the October 22nd and November 21st search warrants.

and in bed when these Officers entered Plaintiffs' residence on October 22, 2008. Def. 56.1(a)(3) ¶ 69.

**C. Any Damage Caused During the Search Warrant Was Reasonable**

Additionally, Plaintiffs assert, without any supporting evidence, that the Officers caused unnecessary damage to their home. But, there is no evidence in the record that Plaintiffs caused unnecessary damage to plaintiffs' home. A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. United States v. Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003). Here, Plaintiffs only provided pictures that allegedly depict the residence after the search warrant. There is no way to verify the condition of the property before the execution of the search warrant. Additionally, Plaintiffs only repaired the doors and provided tangible evidence in support of this allegation. Def. 56.1(a)(3) ¶ 58. Plaintiffs further testified that they had to clean their home after the searches. Def. 56.1(a)(3) ¶ 58-59. Plaintiff Cinderella Robinson claims that her medicine was spilled on the floor after the search warrant. Def. 56.1(a)(3) ¶ 53. In the instant case, it would be highly unlikely that the Plaintiffs' home would not be disorganized after the execution of a search warrant. In this case, the damage was minimal and reasonable considering the circumstances and target of the search warrant.

Based upon the totality of the circumstances, probable cause clearly existed for this search warrant and the Officers are entitled to summary judgment on Count I.

**II. PLAINTIFFS' DETENTION DURING THE EXECUTION OF THE SEARCH WARRANT WAS REASONABLE AND LAWFUL. (Responding to Count II of Plaintiff's Second Amended Complaint)**

On November 21, 2008, Defendant Chicago Police Officer Timothy Hayes testified

8

before Judge James R. Brown in the Circuit Court of Cook County, along with John Doe, a confidential informant. John Doe swore to the information contained in the complaint for search warrant. Def. 56.1(a)(3) ¶ 41-42. The complaint for search warrant stated that John Doe was let into the home at said address by Robinson, and observed Robinson "bagging up jabs." John Doe further observed Robinson sell a " jab" from the side door of the residence. John Doe also witnessed an AK-47, a 9mm black handgun and eight jabs hidden under the mattress located upstairs in the south bedroom. Lastly, according to Robinson's Chicago Police Department Criminal History Report, Robinson has used the address of 5659 S. Shields on previous arrests. Def. 56.1(a)(3) ¶ 34.

Based on this information, Officer Hayes procured a search warrant, identifying Plaintiffs' home as the premises to be searched and represented that Robinson resided in Plaintiffs' home. Def. 56.1(a)(3) ¶ 40. Prior to Judge Brown issuing the search warrant, Officer Hayes and John Doe swore before the court that the aforementioned events took place, indicating a high likelihood that illegal activity was taking place at said property. Def. 56.1(a)(3) ¶ 41-42. The search warrant was approved by the State's Attorneys' Office on November 21, 2008. Def. 56.1(a)(3) ¶ 40. Additionally, Officer Hayes showed John Doe a photograph of Robinson after which John Doe positively identified Robinson as the individual who engaged in the aforementioned sequence of events. Def. 56.1(a)(3) ¶ 33

In issuing and executing both search warrants, the Officers satisfied the constitutional requirement of probable cause in light of the totality of the circumstances. The latter part of the Fourth Amendment, referred to as the warrant clause, makes it clear that a search warrant is validly issued only upon a showing to the issuing judicial authority that there exists probable

cause for the search. Determining whether a set of facts amounts to probable cause is difficult to objectify; however, the Supreme Court has indicated that it is largely determined by reasonableness and probability. Gates, 462 U.S. at 232. Importantly, hindsight may not be employed in determining whether there was probable cause in a prior search; rather, "probable cause requires that the facts available to the officer would warrant a man of reasonable caution or belief that certain items may be contraband or stolen property…" Texas v. Brown, 460 U.S. 730, 742 (1983).

In Gates, the court noted that "the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of the persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found in a particular place." Id. (emphasis added). Further, the court explained that "the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. at 238–39 (emphasis added).

Finally, an otherwise valid search warrant is not rendered illegal by the fact that the objects sought are not in the premises searched. See Maryland v. Garrison, 480 U.S. 79, 85 (1987) (holding that "[t]hose items of evidence that emerge after a warrant is issued have no bearing on whether or not a warrant was validly issued.").

By examining the totality of the circumstances in this case, it is clear that the November 21, 2008 search warrant was constitutional. Here, Officers observed a great deal of pedestrian traffic entering and exiting the premises which indicated to them that criminal activity may be occurring at the location. Def. 56.1(a)(3) ¶ 8, 10. Also, John Doe testified that drugs were being

sold by Robinson on the property. Def. 56.1(a)(3) ¶ 30. Specifically, the Complaint for Search Warrant contains sworn statements that John Doe observed Robinson selling a bag of 25 crack cocaine portions ("jab"), saw Robinson's drug stash under a mattress, and saw Robinson's 9mm black handgun Def. 56.1(a)(3) ¶ 32. Finally, the Officers verified that John Doe could identify Robinson from a photograph. Def. 56.1(a)(3) ¶ 33.

In line with <u>Gates</u>, these circumstances create a high probability that illegal drugs were being sold by Robinson from the target property. Under the totality of the circumstances standard, the issuing judge made a common-sense determination that because Robinson was likely dealing drugs out of the target property, there was probable cause. Further, the existence and result of the October search should have no bearing on the probable cause determination for the November search; the proper standard set forth in Gates is the totality of the circumstances rather than an examination of prior search warrants executed at the target property. Additionally, John Doe's reliability should be viewed along with the other circumstances, namely that he supplied information that corroborated the Officers' observations. Finally, <u>Garrison</u> tells us that the fact that the search did not result in uncovering drugs or guns should have no bearing on whether the search was valid. Therefore, there was probable cause for the search warrant and its validity should be upheld.

### III. OFFICER HAYES IS ENTITLED TO SUMMARY JUDGMENT AS TO CLAIMS IN COUNT III.

As argued above, there was independent probable cause for the November 21, 2008 search warrant. Officer Hayes took all appropriate steps to procure the search warrant executed on November 21, 2008. Furthermore, Officer Hayes testified that when he used I-Clear Chicago Police Department database to obtain the picture of Michael aka Rube Robinson and the address

Robinson used as his address, there was no indication that there was a previous search warrant executed at 5659 South Shields Ave., Chicago, IL on October 22, 2008. Def. 56.1(a)(3) ¶ 34. Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that evidence of a crime will be found. See Ortiz v. City of Chicago, et al, 686 F. Supp.2d 782 (N.D. Ill 2010) (quoting Saurez v. Town of Ogden Dunes, 581 F.3d 591, 595 (7th Cir. 2009)(ellipsis and internal quotation marks omitted)). In making probable cause determinations, law enforcement agents are entitled to draw reasonable inferences from the facts before them, based on their training and experience. Id. at 595-96. Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime is committed. Id. at 596. Importantly, hindsight may not be employed in determining whether there was probable cause in a prior search; rather, "probable cause requires that the facts available to the officer would warrant a man of reasonable caution or belief that certain items may be contraband or stolen property…" Texas v. Brown, 460 U.S. 730, 742 (1983).

In the case at bar, considering the totality of the circumstances, the Officer Hayes took all appropriate steps procure the search warrant executed on November 21 2008 based upon the information that he had at the time had probable case to execute a search warrant at 5956 South Shields.

### IV. OFFICERS ARE ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFFS' EXCESSIVE FORCE CLAIMS AND SUPPLEMENTAL STATE ASSAULT CLAIM. (Responding to Counts IV, V, VI and VII of Plaintiffs' Second Amended Complaint).

Plaintiffs claim that Officers McGee, Conway, Rodriguez, Vasquez, Hamilton, Burns, Dillon, Francis, Bove, Lamb, Dunn, Cuomo, Kapanke, Blake, Bowers, Adair, Kaczynski, Shen,

Razo, Doyle, Gallegos, Omachi, Warnke, Quinn, Bartlett, Callaghan, Cano, Barango, Olmanaz, Farenzi, Leyden, Sanchez, Gaber, Hroma and Marionvich used excessive force during the executions of the search warrants on October 22, 2008 and November 21, 2008. The Officers are entitled to summary judgment because the search warrants were valid and any force used was reasonable considering the knowledge at the time of the search warrants' execution. Officers were entitled to detain plaintiffs for a reasonable time during the execution of a search warrant.

### A. OFFICERS' DISPLAY OF THEIR WEAPONS UPON ENTRY DURING THE EXECUTION OF THE SEARCH WARRANT WAS REASONABLE AND DOES NOT CONSTITUTE AN ASSAULT.

A claim that a police officer has used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 395 (1989); Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir .2005). An officer's use of force is unreasonable only if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." Id. at *11 (quoting Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir.1987)). "While police are not entitled to point their guns at citizens when there is no hint of danger, they are allowed to do so when there is reason to fear danger. Baird v. Renbarger, No. 08-2436, 2009 WL 2357882, at *4 (7th Cir. Aug. 3, 2009). Under Illinois law, a claim for assault must include an allegation of a reasonable apprehension of an imminent battery. See, e.g, Parrish by Bowker v. Donahue, 110 Ill. App. 3d 1081, 66 Ill.Dec.860, 862, 443 N.E.2d 786, 788 (3d Dist. 1982).

Officers received information that Rube aka Michael Robinson was selling drugs from the residence at 5956 South Shields. Def. 56.1(a)(3) ¶ 6, 30. Officers also received information that

Rube Robinson was in possession of a handgun and an AK-47. Def. 56.1(a)(3) ¶ 6, 30, 32. Taking into account this information and Rube Robinson's violent criminal history, the Officers' display of their weapons was reasonable under the circumstances. Here, Plaintiffs testified that Officers had their guns drawn upon entering the residence and while securing the occupants of the home into one location, the living room. Def. 56.1(a)(3) ¶ 20-21. Each Plaintiff testified that the guns were only pointed for up to a minute while the Officers were securing the premises. Def. 56.1(a)(3) ¶ 20. Due to the circumstances of the search warrant and its target, it is more than reasonable for the Officers to have entered the residence with their weapons drawn. Furthermore, this "force" lasted less than a minute. Accordingly, the use of force Plaintiffs complain of was reasonable in light of the Officers' safety concerns and to facilitate an efficient sweep through the residence to insure that there were no armed individuals present.

**B. OFFICERS WERE ENTITLED TO DETAIN AND PLACE PLAINTIFFS IN HANDCUFFS WHILE SEARCH WARRANT WAS EXECUTED.**

Plaintiffs have not and cannot provide any evidence that any police officer used force that would be sufficient to support either an excessive force claim, assault claim or a claim that the manner in which Plaintiffs were detained was unreasonable.

A warrant to search for contraband that is founded upon probable cause implicitly supplies officers with the limited authority to detain residents while a search of the premises is conducted. See Michigan v. Summers, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); United States v. Price, 888 F.2d 1206, 1209 (7th Cir.1989). In Illinois, officers executing a search warrant may "reasonably detain to search any person in the place and the time" for their safety or to prevent the destruction or concealment of contraband. See 725 ILCS 5/108-9 (2010).

Because the Officers had a valid warrant on both October 22, 2008 and November 21, 2008 to search the Plaintiffs' home for drugs and guns, it was permissible for the officers to initially seize the residents. See Powers v. Sliozis, No. 89 C 5020, 1991 WL 268667, at *5 (N.D.Ill.1991). The question whether seizures was unreasonable under the Fourth Amendment depends on whether it was objectively reasonable, judged from the perspective of a reasonable officer on the scene. Graham v. Connor, 490 US at 396. The proper application of this test requires an analysis of the facts and circumstances of the case, (1) "including the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

In the instant case, the Officers received information on both October 22, 2008 and November 21, 2008 that Rube aka Michael Robinson was selling drugs from the residence at 5956 South Shields. Officers also received information that Rube Robinson was in possession of a handgun and an AK-47. Def. 56.1(a)(3) ¶ 6, 30, 32. Coupled with Rube Robinson's violent criminal history, Defendants deployed the Chicago Police Department SWAT Team who used diversionary devices and forced entry to gain access to the subject residence on October 22, 2008. Def. 56.1(a)(3) ¶ 16. Additionally, upon entry on both October 22, 2008 and November 21, 2008, Officers displayed their weapons until the Plaintiffs were secured in handcuffs. Def. 56.1(a)(3) ¶ 20, 23-24. Each Plaintiff either testified that if they were handcuffed, the handcuffs were removed once they were secured in the living-room and seated on the couch or they remained handcuffed throughout the duration of the search warrant. Def. 56.1(a)(3) ¶ 24. Both actions are reasonable, considering the Officers were executing search warrants for a convicted felon with a violent past, an AK-47 rifle, handgun and narcotics based upon information from

both John Does.

## VI. OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY.

The Officers are entitled to qualified immunity. The Supreme Court has identified two key inquiries for qualified immunity assertions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established a the time of the alleged violation. Pearson v. Callaghan, 129 S. Ct. 808 (2009); Saucier v. Katz, 522 US 194, 201 (2001). The court may decide these questions in whatever order is best suited to the case at hand. Pearson, 129 S.Ct. at 818. Since the purpose of qualified immunity is to protect public officials from guessing about constitutional developments at their peril, plaintiff has the burden of showing that the constitutional right has been clearly established. Purtell v. Mason, 527 F.3d 615 (7th Cir. 2008). Once the defense is raised, a plaintiff has the burden to defeat qualified immunity. Mannoia v. Farrow, 476 F.3d 453, 457 (7th Cir. 2007). Plaintiffs cannot meet their burden to demonstrate that the Officers violated the Plaintiffs' rights, nor can they demonstrate that the constitutional right was clearly established at the time of the execution of the two search warrants at 5659 South Shields Ave., Chicago, IL. Accordingly, the Officers are protected by qualified immunity and summary judgment should be granted as a matter of law in the Officers' favor as to Counts I, II, III, IV, V and VI.

Finally, The Seventh Circuit has recently reiterated that courts must determine not only whether probable cause exists, but if not, "whether a reasonable officer could have mistakenly believed that probable cause existed." Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998). This added layer of protection for officers is afforded when they have "arguable" probable cause.

Arguable probable cause exists when a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge could have reasonably believed that probable cause existed in light of well-established law. Wollin v. Gondert, 192 F.3d 616, 621-623 (7th Cir. 1999); Humphrey, 148 F.3d at 725. If this Honorable Court determines that probable cause did not exist when executing the search warrants on both October 22, 2008 and November 21, 2008, the Officers are entitled to this added protection because any reasonable officer would have determined that given the circumstances described above, probable cause existed for both search warrants. For the aforementioned reasons, each and every Officer is entitled to summary judgment on all Counts.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Summary Judgment and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

s/ Andrea Cook
Andrea Cook
Attorney for Defendant Officers
30 N. LaSalle St., Suite 900
Chicago, IL  60602
(312) 742-7042
Attorney No. 06288085