IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CINDERELLA ROBINSON, TROY ROBINSON** and **PRINCE ROBINSON**, Individually, | Case No. 08 CV 6956 |
| Plaintiffs, | **JUDGE DARRAH** |
| vs. | **Magistrate Judge Young B. Kim** |
| **City of Chicago**, et al. | |
| Defendants. | |

## PLAINTIFFS' MOTION TO STRIKE

## DEFENDANTS' UNTIMELY MOTION FOR SUMMARY JUDGMENT

Now come the plaintiffs by and through their attorneys of record, and in support of their Motion To Strike Defendants' Untimely Motion For Summary Judgment state as follows:

1. On October 13, 2009, the Court entered a scheduling order that *inter alia* set April 12, 2010, as the date for completion of discovery.

2. This Court's standing order requires parties to file any motions for summary judgment "within 30 days after the <u>initial</u> close of discovery" (emphasis in the original).

3. According to this Court's standing order the parties were required to file any motions for summary judgment on or about May 12, 2010.

4. On May 9, 2010, the Court granted an agreed motion to extend discovery until June 11, 2010. While granting the motion the Court reminded the parties that they are required to file motions for summary judgment within 30 days of the initial discovery date. The defendants neither sought nor received an extension of time to file a motion for summary judgment.

5. On July, 12, 2010, the defendants filed a motion for summary judgment without seeking an extension of time to do so. Thus, the defendant's motion for summary judgment was filed approximately 90 days after the original discovery closure date and approximately 60 days after the close of discovery. Therefore the defendants' motion for summary judgment is untimely.

6. To allow the defendants to proceed with their untimely motion, two months after the filing deadline would be unduly prejudicial to plaintiffs and cause substantial and unnecessary inconvenience to the Court. It is prejudicial to plaintiffs because it will obviously require a substantial amount of work to respond to the motion that was not accounted for by counsel when scheduling matters in unrelated litigation (including a trials) because plaintiff's counsel relied upon the fact that the filing deadline expired in May. Moreover, this behavior will necessarily require substantial delay in ruling on summary judgment because it will take several weeks to fully brief the motion when the trial is scheduled for October. This gives the Court very little time to consider and rule on defendants' motion prior to the trial date. The Court's standing order was designed to eliminate this situation.

WHEREFORE, plaintiffs respectfully request that this honorable Court grant plaintiffs' Motion To Strike Defendants' Untimely Motion For Summary Judgment.

Respectfully submitted,

By:/s/Garrett Browne
Garrett Browne

ED FOX & ASSOCIATES
Suite 330
300 West Adams
Chicago, IL. 60606
(312) 345-8877
gbrowne@efox-law.com