## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISVISION

| | | |
|---|---|---|
| **CINDERELLA ROBINSON, TROY ROBINSON** and **PRINCE ROBINSON**, | ) | Case No. 08 CV 6956 |
| Individually, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **City of Chicago**, Chicago Police Officers Boyd, | ) | |
| Star No. 16303, Sgt. John McGee, Star No. 1254, Matthew | ) | |
| Conway, Star No. 14005, Joel Rodriguez, Star No. 9368, | ) | |
| Vidal Vasquez, Star No. 2664, Thomas Hamilton, | ) | |
| Star No. 13071, Adam Burns, Star No. 13450, James Dillon | ) | |
| Star No. 17331, John Francis, Star No. 205, Bove, Star No. | ) | |
| 8230, Lamb, Star No. 1925, Dunn, Star No. 14941, Cuomo, | ) | **JUDGE COLEMAN** |
| Star No. 5853, Kapanke, Star No. 17386, Blake, | ) | |
| Star No. 18857, Bowers, Star No. 13575, Adair, Star No. | ) | |
| 4145, Kaczynski, Star No. 18675, Shen, Star No. 19373, | ) | |
| Razo, Star No. 15893, Doyle, Star No. 5272, Gallegos, | ) | |
| Star No. 14887, Omachi Star No. 10629, Warnke, | ) | |
| Star No. 9138, Quinn, Star No. 18828, Bartlett, Star No. | ) | |
| 17470, Callaghan, Star No. 18243, Cano, Star No. 13648, | ) | |
| Barango, Star No. 15937, Olmanaz, Star No. 17998, | ) | |
| Farenzi, Star No. 11967, Leyden, Star No. 16149, | ) | |
| Sanchez, Star No. 19244, Gaber, Star No. 18412, Hroma, | ) | |
| Star No. 1729, Marinovich, Star No. 2448 | ) | |
| Timothy J. Hayes, Sr. Star No. 7308, | ) | |
| Luis Saldana, Star No. 10315, Andrew Thomas, Star No. | ) | |
| 11701, Andrew Russell, Star No 12623, Leo Augle, | ) | |
| Star No. 12848, Felix Tomalis, Star No. 8484, Hermogne | ) | |
| Del Toro, Star No. 8853, Mark Darcy, Star No. 4499, | ) | |
| William Gentile, Star No. 1399, Jairo Valeriano, Star No. | ) | |
| 10649, John Sego, Star No. 16424, William Gentile, | ) | |
| Star No. 1399, and D. Hartz, Star No. 11757, | ) | |
| | ) | |
| Defendants. | ) | |

1

**DEFENDANTS MOTIONS IN LIMINE**

Defendants, by and through their attorney, Andrea E. Cook, Assistant Corporation

Counsel, pursuant to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and by

order of this Court, move in limine to bar Plaintiffs, their attorneys and witnesses, from

mentioning, referring to, interrogating or introducing evidence concerning, voluntarily

answering, or attempting to convey to the jury at any time during the proceedings in any manner,

either directly or indirectly, any of the following:

**1. PLAINTIFFS SHOULD BE BARRED FROM INTRODUCING ANY
EVIDENCE THAT DEFENDANT OFFICERS FAILED TO KNOCK AND
ANNOUNCE THEIR OFFICE DURING THE EXECUTION OF THE SEARCH
WARRANTS.**

Plaintiffs should be barred from introducing any evidence that the Defendant Officers

failed to knock and announce their office during the execution of the October 22, 2008 search

warrant because there is no evidence to support this in the record. In fact, it is well established

that it is standard procedure for police officers to knock and announce their office in the

execution of a search warrant**.** According to the SWAT team's supplemental report, this is

precisely what happened during the execution of the search warrant on October 22, 2008.

Furthermore, Plaintiffs testified in their depositions that they were asleep when the October 22,

2008 search warrant was executed. So, the record clearly reflects that Plaintiffs cannot

substantiate that these Officers failed to knock and announce their office. Therefore, any

mention, argument, insinuation regarding the Defendant Officers' alleged failure to knock and

announce should be barred.

**2. PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING OR ARGUING THAT ANY DAMAGE SUSTAINED DURING THE EXECUTION OF A SEARCH WARRANT IS UNREASONABLE**

Plaintiffs should be barred from arguing that Defendant Officers caused unreasonable property damage during the execution of the October 22, 2008 warrant because there is no evidence in support of this allegation in the record. Defendants are not liable for the damage to the Plaintiffs' door as a result of the execution of the search warrant because it was necessary to use forced entry. Police officers are entitled to use forced entry during the execution of a search warrant if deemed necessary. Here, these Officers cannot be held liable for the damage to the door, for it is well established that officers may break and enter if such entry is the only means by which to execute the warrant effectively. Dalia v. United States, 441 U.S. 238, 247 (1979). The Seventh Circuit has held that, "so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution." Johnson v. Manitowoc County, 2011 WL 814996, (quoting Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th. Cir.1997)).

Contrary to Plaintiffs' allegations, the record reflects that any damage to Plaintiffs' home was reasonable and necessary to execute the October 22, 2008 search warrant. On October 22, 2008, forced entry was more than necessary, given the facts provided by the John Doe, that Rube Robinson, a convicted and violent felon, was selling drugs and in possession of an AK-47 and a handgun in the targeted residence. Lastly, the record reflects that Plaintiffs failed to put in any claim with the City of the Chicago for the damage to their door.

Additionally, Plaintiffs assert without any supporting evidence, that the Officers caused unnecessary damage to their home. A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. United States v.

Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003). Here,

Plaintiffs only provided pictures that allegedly depict the residence after the search warrant.

There is no way to verify the condition of the property before the execution of the search

warrant. Plaintiffs have provided minimal evidence in support of their assertion that Defendants

caused unreasonable damage their home. Contrary to this assertion, the record reflects minimal

damage. In fact, Plaintiffs testified that the only they only repaired their doors, cleaned their

home and replaced Plaintiff Cinderella Robinson's spilled medicine. Additionally Troy and

Prince Robinson testified that their clothes were dirty after the search warrants, but that they

chose to throw the clothing away instead of washing them. The record reflects that the damage

caused by the execution of the search warrant was minimal and reasonable considering the

circumstances and targets of the search warrant.

**3. PLAINTIFFS SHOULD BE BARRED FROM INTRODUCING EVIDENCE THAT THE OCOBER 22, 2008 SEARCH WARRANT WAS INVALID BECAUSE THERE IS NO EVIDENCE IN SUPPORT OF THIS ALLEGATION.**

Contrary to Plaintiffs allegations, the record reflects that the October 22, 2008 search

warrant was valid on its face and was supported by probable cause. The warrant clause of the

Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported

by Oath or affirmation, and particularly describing the place to be searched and the persons or

things to be seized..." U.S. CONST. Amend. IV. In order to satisfy the probable cause

requirement, the magistrate need only make a "practical, common-sense decision whether, given

all the circumstances set forth in the affidavit before him, including the veracity and basis of

knowledge of persons supplying hearsay information, there is a fair probability that contraband

or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 214, 238

(1983). Furthermore, because the Fourth Amendment strongly encourages searches conducted

4

pursuant to a warrant, the United States Supreme Court does not favor after-the-fact scrutiny of the sufficiency of a warrant affidavit: "[i]f the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches, with the hope of relying on consent or some other exception to the warrant clause that might develop at the time of the search." Id. Accordingly, reviewing courts are to pay great deference to a magistrate's determination of probable cause. Id. at 236. Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that evidence of a crime will be found. See Ortiz v. City of Chicago, et al, 686 F. Supp.2d 782 (N.D. Ill 2010) (quoting Saurez v. Town of Ogden Dunes, 581 F.3d 591, 595 (7th Cir. 2009)(ellipsis and internal quotation marks omitted)). In making probable cause determinations, law enforcement agents are entitled to draw reasonable inferences from the facts before them, based on their training and experience. Id. at 595-96. Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime is committed. Id. at 596. Here, Officer Boyd used the information provided by a John Doe that Rube Robinson, a convicted and violent felon, was selling drugs and in possession of an AK-47 and a handgun in the targeted residence to obtain a search warrant for Plaintiffs' home. Thus, there was clear probable cause for the October 22, 2008 search warrant and therefore Plaintiffs have no basis for their claim of the invalidity of the October 22, 2008 warrant. More importantly, Plaintiffs have failed to introduce any evidence in support of this allegation.

**4. PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING THAT THEIR MERE DETAINMENT, AND OFFIECRS USE OF HANDCUFFS, DURING THE EXECUTION OF THE SEARCH WARRANT, WAS UNREASONABLE**

There is no evidence in the record that the November 21, 2008 search warrant was invalid and that the Plaintiffs were unlawfully detained. The record reflects that on November 21, 2008, Defendant Chicago Police Officer Timothy Hayes testified before Judge James R. Brown in the Circuit Court of Cook County, along with John Doe, a confidential informant. John Doe swore to the information contained in the complaint for search warrant. The complaint for search warrant stated that John Doe was let into the home at the subject address by Robinson, and observed Robinson "bagging up jabs." John Doe further observed Robinson sell a "jab" from the side door of the residence. John Doe, a 9mm black handgun and eight jabs hidden under the mattress located upstairs in the south bedroom. Lastly, according to Robinson's Chicago Police Department Criminal History Report, Robinson has used the address of 5659 S. Shields on previous arrests. Based on this information, Officer Hayes procured a search warrant, identifying Plaintiffs' home as the premises to be searched and represented that Robinson resided in Plaintiffs' home. Plaintiffs have produced no evidence in support of their contention that the November 21, 2008 search warrant was invalid.

Under the totality of the circumstances standard, the issuing judge made a common-sense determination that because Robinson was likely dealing drugs out of the target property, there was probable cause. Further, the existence and result of the October search should have no bearing on the probable cause determination for the November search; the proper standard set forth in Gates is the totality of the circumstances rather than an examination of prior search warrants executed at the target property. Additionally, John Doe's reliability should be viewed along with the other circumstances, namely that he supplied information that corroborated the

Officers' observations.  Therefore, there was probable cause for the search warrant and any reference to its alleged invalidity should be barred.

**5. PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING THAT A GUN POINTED FOR ANY AMOUNT OF TIME DURING THE EXECUTION OF A SEARCH WARRANT IS UNREASONABLE OR WITHOUT LAWFUL AUTHORITY**

Plaintiffs should be barred from introducing any evidence that the Defendant Officers used excessive force or assaulted Plaintiffs during the execution of both the October 18, 2008 and November 21, 2008 search warrant s because the record reflects that the Defendant Officers are entitled to brandish their weapons when there is a fear of danger and when it is reasonable.  A claim that a police officer has used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 395 (1989); Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir .2005). An officer's use of force is unreasonable only if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." Id. at *11 (quoting Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir.1987)). "While police are not entitled to point their guns at citizens when there is no hint of danger, they are allowed to do so when there is reason to fear danger. Baird v. Renbarger, No. 08-2436, 2009 WL 2357882, at *4 (7th Cir. Aug. 3, 2009). Under Illinois law, a claim for assault must include an allegation of a reasonable apprehension of an imminent battery. See, e.g, Parrish by Bowker v. Donahue, 110 Ill. App. 3d 1081, 66 Ill.Dec.860, 862, 443 N.E.2d 786, 788 (3d Dist. 1982).

Taking into account the information received from the John Doe and Rube Robinson's violent criminal history, the Officers' display of their weapons was reasonable under the

circumstances. Here, Plaintiffs testified that Officers had their guns drawn upon entering the

residence and while securing the occupants of the home into one location, the living room. Each

Plaintiff testified that the guns were only pointed for up to a minute while the Officers were

securing the premises. Due to the circumstances of the search warrant and its target, it is more

than reasonable for the Officers to have entered the residence with their weapons drawn.

Furthermore, this "force" lasted less than a minute.  Accordingly, the use of force Plaintiffs

complain of was reasonable in light of the Officers' safety concerns and to facilitate an efficient

sweep through the residence to insure that there were no armed individuals present.

**6. PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING THAT THE MERE FACT THAT THEY WERE PLACED IN HANDCUFFS DURING THE EXECUTION OF A SEARCH WARRANT WAS UNREASONABLE**

Plaintiffs have not and cannot provide any evidence that any police officer used force

that would be sufficient to support an excessive force claim, assault claim or a claim that the

manner in which Plaintiffs were detained was unreasonable.

A warrant to search for contraband that is founded upon probable cause implicitly

supplies officers with the limited authority to detain residents while a search of the premises is

conducted.  See Michigan v. Summers, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340

(1981); United States v. Price, 888 F.2d 1206, 1209 (7th Cir.1989). In Illinois, officers executing

a search warrant may "reasonably detain to search any person in the place and the time" for their

safety or to prevent the destruction or concealment of contraband.  See 725 ILCS 5/108-9 (2010).

Because the Officers had a valid warrant on both October 22, 2008 and November 21, 2008 to

search the Plaintiffs' home for drugs and guns, it was permissible for the officers to initially

seize the residents. See Powers v. Sliozis, No. 89 C 5020, 1991 WL 268667, at *5

(N.D.Ill.1991). The question whether seizures was unreasonable under the Fourth Amendment

depends on whether it was objectively reasonable, judged from the perspective of a reasonable officer on the scene. Graham v. Connor, 490 US at 396. The proper application of this test requires an analysis of the facts and circumstances of the case, (1) "including the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others,  and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."

In the instant case, the Officers received information on both October 22, 2008 and November 21, 2008 that Rube aka Michael Robinson was selling drugs from the residence at 5956 South Shields. Officers also received information that Rube Robinson was in possession of a handgun and an AK-47. Coupled with Rube Robinson's violent criminal history, Defendants deployed the Chicago Police Department SWAT Team who used diversionary devices and forced entry to gain access to the subject residence on October 22, 2008. Each Plaintiff either testified that if they were handcuffed, the handcuffs were removed once they were secured in the living-room and seated on the couch or they remained handcuffed throughout the duration of the search warrant.  Defendant Officers' actions are reasonable, considering the Officers were executing search warrants for a convicted felon with a violent past, an AK-47 rifle, handgun and narcotics based upon information from both John Does.

### 7. PLAINTIFFS SHOULD BE BARRED FROM INTRODUCING EVIDENCE THAT DEFENDANTS' NOVEMBER 21, 2008 SEARCH WARRANTS WAS UNCONSTITUTIONALLY PROCURED.

Pursuant to Federal Rules of Evidence 402 and 403, Defendants respectfully request this Court to enter an order prohibiting Plaintiff from introducing certain evidence or from referring during argument to additional steps that Officer Hayes could have taken to corroborate John Doe's information or addition information that these additional steps may have provided.

In support of their motion, Defendants state the following:

Franks v. Delaware, 438 U.S. 154 (1978), provides the standard to challenge a search warrant in a civil case. Perlman v. City of Chicago, 801 F.2d 262, 264 (7th Cir. 1986) (citations omitted). Franks found search warrant affidavits carry a presumption of validity, so plaintiffs who challenge presumptively valid affidavits in a civil case must overcome the standard that Franks provides. Id.

To overcome the Franks standard, plaintiffs must "provide evidence that the officers knowingly or intentionally or with a reckless disregard for the truth made false statements to the judicial officer and show that the false statements were necessary to the judicial officer's determination that probable cause existed." Suarez v. Town of Ogden Dunes, 581 F.3d 591, 596 (7th Cir. 2009) (internal marks and citations omitted). When information is obtained from a third-party or informant, a "Franks violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth." United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000).

Evidence therefore "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." *Id.* at 607 (citing Franks, 438 U.S. at 171).[1] And failing to corroborate more information from an informant does not show reckless *disregard* of the truth. Id.; see *U*nited States v. Swanson, 210 F.3d 788, 791 (7th Cir. 2000) (reckless disregard is not shown by "saying that the investigators should have done more work. This . . . is not the high standard required for convening a Franks hearing.").

Jones rejected an argument that reckless disregard under Franks is shown by failing to corroborate more information. 208 F.3d at 607. The defendant argued an officer "was reckless in incorporating Jane Doe's allegations into his affidavit without first doing more to corroborate

_____

[1]

Defendants hasten to note that John Doe, himself, was an affiant to the Complaint for Search Warrant, as he had subscribed and swore to the Complaint for Search Warrant before Judge Brown.

them." Id. For instance, the defendant opined that the officer "could have set up a controlled buy or conducted surveillance of his home to verify the veracity of Jane Doe's statements." Id. The Seventh Circuit rejected the argument because "[t]he fact that Jones can point out additional things which could have been done but were not does not in any way detract from what was done." Id.

Because the state-of-mind inquiry under Franks is lying or recklessly disregarding the truth, evidence of failing to corroborate unknown information does not show "any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401; *accord Jones*, 208 F.3d at 607. The evidence may show negligence, but "a little negligence—actually even a lot of negligence—does not the need for a Franks hearing make." Swanson, 210 F.3d at 791. Consequently, evidence of failing to corroborate is inadmissible as not relevant, Fed. R. Evid. 402, and any probative value that it may have "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Accord United States v. Snook, 366 F.3d 439, 443 (7th Cir. 2004) (proponent must show witness was aware of practice at the time in issue for relevance to his state of mind, otherwise "all we're dealing with is what I believe are various inferences upon inferences of speculation").

Plaintiff must meet the burden of demonstrating relevance as he is the proponent of this evidence. United States v. Blackwell, 459 F.3d 739, 755 (6th Cir. 2006) (citing Fed. R. Evid. 401, 402). Moreover, if relevancy of this evidence depends upon the fulfillment of a condition of fact (*e.g.*, a truth which was recklessly disregarded), Plaintiff must first introduce evidence sufficient to support a finding of the fulfillment of the condition. Fed. R. Evid. 104(b).

In the case at bar, Defendant Chicago Police Officer Timothy Hayes testified before Judge James R. Brown in the Circuit Court of Cook County, along with John Doe, a confidential informant. John Doe swore to the information contained in the complaint for search warrant. The complaint for search warrant stated that John Doe was let into the home at said address by Robinson, and observed Robinson "bagging up jabs." John Doe further observed Robinson sell a "jab" from the side door of the residence, a 9mm black handgun and eight jabs hidden under the mattress located upstairs in the south bedroom. Lastly, according to Robinson's Chicago Police Department Criminal History Report, Robinson has used the address of 5659 S. Shields on previous arrests.

Based on this information, Officer Hayes procured a search warrant, identifying Plaintiffs' home as the premises to be searched and represented that Robinson resided in Plaintiffs' home. Prior to Judge Brown issuing the search warrant, Officer Hayes and John Doe swore before the court that the aforementioned events took place, indicating a high likelihood that illegal activity was taking place at said property. The search warrant was also approved by the State's Attorneys' Office on November 21, 2008. Plaintiffs have no evidence that supports their assertion that Officer Hayes mislead or lied to any judicial officers in the procurement of the November 21, 2008 search warrant. Based upon the aforementioned, all evidence and argument regarding whether Officer Hayes intentionally falsified or recklessly omitted evidence should be barred because Plaintiffs have failed to provide any evidence that Officer Hayes knowingly or intentionally or with a reckless disregard for the truth made false statements to [any] judicial officer. Suarez v. Town of Ogden Dunes, 581 F.3d 591, 596 (7th Cir. 2009) (internal marks and citations omitted).

**8. PLAINTIFFS SHOULD NOT BE ALLOWED TO ARGUE THAT THEY SUFFERED UNREASONABLE PROPERTY DAMAGE AS A RESULT OF THE NOVEMBER 21, 2008 SEARCH WARRANT BECAUSE THERE IS NO EVIDENCE TO SUPPORT THIS ALLEGATION.**

Plaintiffs allege that the Officers should be held liable under Section 1983 for using force in executing the search warrant on November 21, 2008. However, police officers are entitled to use forced entry during the execution of a search warrant if deemed necessary. Here, these Officers cannot be held liable for the damage to the door, for, it is well established that officers may break and enter if such entry is the only means by which to execute the warrant effectively. Dalia v. United States, 441 U.S. 238, 247 (1979).  On October 22, 2008, forced entry was more than necessary, given the facts provided by the John Doe, that Rube Robinson, a convicted and violent felon, was selling drugs and in possession of a handgun in the targeted residence. Additionally, Plaintiffs assert, without any supporting evidence, that the Officers caused unnecessary damage to their home. But, there is no evidence in the record that Plaintiffs caused unnecessary damage to plaintiffs' home. A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. United States v. Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003). In the instant case, it would be highly unlikely that the Plaintiffs' home would not be disorganized after the execution of a search warrant.  In this case, the damage was minimal and reasonable considering the circumstances and target of the search warrant. Furthermore, Plaintiffs have produced no evidence with the exception of photographs that clearly lack foundational basis.

**9. ANY CLAIM FOR EMOTIONAL AND MENTAL PAIN AND SUFFERING SHOULD BE BARRED.**

During Plaintiffs' depositions, no one Plaintiff testified that they suffered any emotional or mental pain and suffering as a result of the execution of either search warrants. Defendants are concerned that Plaintiffs will attempt to introduce evidence of their emotional and mental pain and suffering during trial. Plaintiffs should be barred from bringing forth a claim of emotional and mental pain and suffering because there is no evidence in the record to support this allegation.

**10. PLAINTIFFS SHOULD BE BARRED FROM TESTIFYING THAT THE MERE FACT THAT THEY WERE PLACED IN HANDCUFFS DURING THE EXECUTION OF A SEARCH WARRANT WAS UNREASONABLE**

Plaintiffs have not and cannot provide any evidence that any police officer used force that would be sufficient to support an excessive force claim, assault claim or a claim that the manner in which Plaintiffs were detained was unreasonable.

A warrant to search for contraband that is founded upon probable cause implicitly supplies officers with the limited authority to detain residents while a search of the premises is conducted. See Michigan v. Summers, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); United States v. Price, 888 F.2d 1206, 1209 (7th Cir.1989). In Illinois, officers executing a search warrant may "reasonably detain to search any person in the place and the time" for their safety or to prevent the destruction or concealment of contraband. See 725 ILCS 5/108-9 (2010). Because the Officers had a valid warrant on both October 22, 2008 and November 21, 2008 to search the Plaintiffs' home for drugs and guns, it was permissible for the officers to initially seize the residents. See Powers v. Sliozis, No. 89 C 5020, 1991 WL 268667, at *5 (N.D.Ill.1991). The question whether seizures was unreasonable under the Fourth Amendment depends on whether it was objectively reasonable, judged from the perspective of a reasonable

officer on the scene. <u>Graham v. Connor</u>, 490 US at 396. The proper application of this test requires an analysis of the facts and circumstances of the case, (1) "including the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."

In the instant case, each Plaintiff either testified that if they were handcuffed, the handcuffs were removed once they were secured in the living-room and seated on the couch or they remained handcuffed throughout the duration of the search warrant. Both actions are reasonable, considering the Officers were executing search warrants for a convicted felon with a violent past, handgun and narcotics based upon information from both John Does.

**11. PLAINTIFF SHOULD NOT BE ALLOWED TO ARGUE THAT DEFENDANTS FAILED TO KNOCK AND ANNOUNCE THEIR OFFICE DURING THE EXECUTION OF NOVEMBER 21, 2008'S SEARCH WARRANT.**

Furthermore, Plaintiffs should be barred from arguing that the Defendant Officers failed to knock and announce their office during the execution of the November 21, 2008 warrant because there is no evidence in the record. None of the Plaintiffs testified that the Officers failed to knocked and announce their office on November 21, 2008. In fact, Plaintiff Troy Robinson testified in his deposition that they heard knocking door. Contrary to Plaintiffs' allegations, the record reflects that the Defendant Officers knocked and announce their office during the execution of the November 21, 2008 search warrant and therefore should be barred from arguing that the Officers failed to do so.

**12. THE TESTIMONY OF DORIS NORWOOD, LT. RICARDO MANCHA AND JOSEPH SKALLA SHOULD BE BARRED BECAUSE PLAINTIFFS FAILED TO DISCLOSE THEM PURSUANT TO RULE 26(A).**

Defendants anticipate that Plaintiff will seek to introduce testimony of Doris Norwood, Lt. Ricardo Mancha and Joseph Skalla. Plaintiffs never disclosed Doris Norwood, Lt. Ricardo Mancha and Joseph Skalla pursuant to Fed. R Civ. Procedure 26(a)(1). Fed. R. Civ. Pro. 26(a)(1), states in pertinent part:

Except in categories of proceedings specified in rule 26(a)(1)(E, or to the extent

otherwise stipulated or directed by order, a party must, without awaiting a discovery

request, provide to other parties:

> (A) the name and , if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

See FRCP 26(a)(1). Plaintiffs' disclosed these individuals for the very first time in their draft of the final pretrial order, in violation of Rule 26(a)(1)(A). At this point, the subject matter of their testimony is completely unknown. For the aforementioned reasons, the testimony of Doris Norwood, Lt. Ricardo Mancha and Joseph Skalla should be barred and Defendants' Motion in *Limine* should be granted.

**13. ANY MENTION OF INDEMNITY AND THAT DEFENSE LAWYERS WORK FOR THE CITY OF CHICAGO SHOULD BE BARRED.**

Defendants move this Court for an Order in limine barring Plaintiff from offering any testimony, evidence, or argument indicating that Defendant Officers may be indemnified against any judgment in this action. It is undisputed that the City has agreed to indemnify Defendant Officers for any compensatory damages assessed in this case. Thus, the only reason to mention the City during the trial of this case is to signal the jury that deep pockets are available to pay any

judgment. Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411; Walker v. Saenz, 1992 WL 317188, *3 (N.D.Ill. Oct. 27, 1992); Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); Green v. Baron, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); Griffin v. Hillke, 804 F.2d 1052, 1057 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error).

Knowledge that the City will indemnify the Defendant Officers for possible damages might encourage jurors to find for Plaintiff—regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors.

Similarly, Defense counsels' title and employer is irrelevant to the substantive issues of this case. As such, Plaintiff should be barred from making any reference to Defendants' attorneys or any of the parties as "Corporation Counsel," "Assistant Corporation Counsel," "the City lawyers," or "the City," or similar terms. Defendants' motion should be granted because reference to defense counsels' affiliation with the City is improper and will serve no purpose other than to improperly suggest to the jury that the City – not the Defendant Officers – will pay any judgment in this case. Thus, the only reason to mention the City is to signal the jury that deep pockets are available to pay any judgment. The lawyers on both sides represent clients and all titles (and the stigmas that come with them) should be left out of this case.

**14. BAR INTRODUCTION OF CHICAGO POLICE DEPARTMENT GENERAL ORDERS AND/OR SPECIAL ORDERS.**

Defendants anticipate that plaintiffs will attempt to introduce Chicago Police Department General Orders to suggest that the defendants violated the procedures of the Chicago Police Department during the procurement and /or execution of the search warrant in this case. Introduction of evidence relating to these orders would be improper because "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." Thompson v. City of Chicago, 472 F.3d 444, 454, (7th Cir. 2006). Moreover, "It may be that [the defendants'] possible violation of the CPD's General Order is of interest to [their] superiors when they are making discipline, promotion or salary decision, but that information was immaterial in the proceedings before the district court and was properly excluded." Id. at 455. As the Seventh Circuit has spoken on this issue, the special orders should not be admissible in this case. The defendants respectfully request this Court bar all references to General Orders of the Chicago Police Department because such evidence is irrelevant, would lead to confusion of the jury and its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Fed. R. Evid. 401, 402, 403.

**15. EVIDENCE REGARDING A "CODE OF SILENCE" SHOULD BE BARRED.**

Generalized allegations of a police "code of silence" or that police officers cover up for Other police officers should be barred. The sole purpose for the introduction of this testimony is to invoke images in the minds of jurors that officers run amok to protect their own like they have seen in so many movies. The jury's decision, however, must be based upon facts, not the speculation or rumination of witnesses regarding the general nature of police officers. In that regard this evidence is no different from bad acts evidence except that it is more illusory because

it has no particular connection to any of the witness officers. Accordingly, pursuant to Federal Rules of Evidence 401, 402 and 403, Plaintiff should be barred from adducing or presenting evidence of any alleged police "code of silence." See Lopez v. City of Chicago, 2005 WL 563212, at *10 (N.D. Ill. 2005) (barring reference to a "code of silence" and evidence that police officers generally protect each other).

### 16. BAR THE ATTORNEYS FROM CONFERRING OR SPEAKING WITH ANY WITNESSES WHILE THAT WITNESS STILL UNDER OATH TO PROVIDE SWORN TESTIMONY.

Defendants request that once a witness is called to testify, no attorney shall confer with that witness about his or her trial testimony, until the termination of the testimony.

### 17. BAR ANY IMPLICATION OR TESTIMONY THAT CHICAGO POLICE DEPARTMENT PERSONNEL ARE BEING PAID BY THE CITY TO APPEAR IN COURT AND TESTIFY.

Chicago Police Department Personnel are listed as witnesses in Federal Rules of Civil Procedure 26 (a)(1) Disclosures. Defendants want to bar plaintiffs from making any statements or inferences that police personnel are being paid for their time in court.

### 18. BAR ANY REFERENCE TO PAST, CURRENT OR FUTURE LOST INCOME.

Plaintiffs should be barred from introducing any evidence related to lost income during the trial because there is no evidence in the record that any of the Plaintiffs were employed at the time of the incidence nor have they made any claim for loss wages or income. Plaintiffs have failed to tender any record, document, or other evidence to the defendants for lost income and therefore should be barred from introducing any evidence or mention that supports any claim for loss wages or income.

WHEREFORE, Defendants respectfully request this Court enter an order in limine with respect to the above stated motions.

Respectfully submitted,

/s/ Andrea E. Cook
Andrea E. Cook
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
(312) 742-704
March 21, 2011